MUTUAL BENEFIT HEALTH & ACCIDENT ASSOCIATION OF
OMAHA *v.* HUNNICUTT.

Opinion delivered June 2, 1930.

*Charles Q. Kelly, Robinson, House & Moses* and
*Harry E. Meek,* for appellant.

*Saxon, Wade & Warren* and *H. G. Wade,* for appellee.

McHANEY, J. On February 28, 1927, appellant issued and delivered to appellee its policy of health and accident insurance which contained this paragraph: "The association will pay, for one day or more, at the rate of $100 per month for disability resulting from disease, the cause of which originates more than thirty days after the date of this policy, and which confines the insured continuously within doors and requires regular visits therein by legally qualified physician, provided said disease necessitates total disability and total loss of time."

The policy went into effect at noon of February 28, and for any disease originating between that date and noon March 30, 1927, the appellant was not liable. The principal question to be determined in this case is, Did the disease which caused appellee's total disability originate within that period of time? If it did, there is no liability. If it did not, appellant is liable. There was a verdict and judgment for appellee.

The question to be determined is one of fact, and appellant concedes the well established rule of this court that, if there is any substantial evidence to support the verdict, it must stand. But it contends that there is no substantial evidence to support the verdict; that the undisputed evidence shows that the kidney affliction from which appellee was disabled originated prior to noon of March 30, 1927; and that therefore there should have been an instructed verdict in its favor. In determining this question we must consider the facts in the light most favorable to appellee. When considered in this light, and, giving them the strongest probative force of which they are reasonably susceptible and every reasonable inference deducible therefrom, as we must do under the rule of this court, we cannot say there is no substantial evidence to support the verdict in this case. The evidence, when considered in the light most favorable to appellee, is substantially as follows: Appellee had some trouble with varicocele which was relieved by an operation on April 4. On March 31, he began to have some trouble in the region of the left kidney. This was not considered serious on April 4, when he was operated on for varicocele, but on April 14, he went to the Baptist Hospital in Little Rock and was operated on to drain the kidney, the drain from the left kidney to the bladder being stopped, which caused a pressure on the kidney and great pain. This was an acute condition which necessitated an operation. Dr. Eubanks, one of the surgeons, testified that this is a disease that develops suddenly. In "Physician's Final Proof of Illness" Dr. Eubanks stated that the date of the onset of the disease was March 31. Appellee stated that it developed April 14, the date of the operation. While this evidence is meager and is contradicted by other evidence, yet it was submitted to the jury on instructions from the court that are not questioned, and we cannot say there was no substantial evidence to support the verdict.

It is finally insisted that the court erred in rendering judgment for the statutory penalty and attorney's

fee, on the ground that appellant is admitted to do business in this State under the provisions of act 139, Acts 1925, p. 405, and that under said act it is exempt from the provisions of § 6155, C. & M. Digest, subjecting defaulting insurance companies to a 12 per cent. penalty and attorney's fees. This contention is based on § 10 of said act, which provides that "associations organized or admitted to do business in this State under this act shall not be subject to any other law of this State governing insurance companies or construed to apply to associations operating under this act."

We do not think appellant's contention in this regard is sound. The clear meaning of § 10 of said act is that the general insurance laws relating to the organization and conduct of the insurance business shall not apply to companies operating under said act. Section 6155, C. & M. Digest, is not a law governing the organization and conduct of the business of insurance companies. The same contention was made relative to the provisions of § 16, act 137 of 1925, p. 390, in *Old American Ins. Co.* v. *Hartsell,* 176 Ark. 666, 4 S. W. (2d) 25. Section 16 provides "that the general insurance laws of this State or any laws governing the organization and control of mutual assessment companies shall not apply to or govern companies organized under this act." We there said: "We think, however, that counsel misinterprets the purpose and effect of § 16, above quoted, as the purpose of that section was to make the organization and control of companies 'operating on the stipulated premium plan' subject to the provisions of that act. Section 6155, C. & M. Digest, does not relate to the organization or control of insurance companies, as that section was passed to require prompt settlement of any liability 'in all cases where loss occurs, and the fire, life, health or accident insurance company liable therefor shall fail to pay the same within the time specified in the policy, after demand made therefor,' and the provisions of that section apply

to the companies named, regardless of the manner in which they may be organized or controlled.''

In *Springfield Mutual Ass'n* v. *Atnip,* 169 Ark. 968, 279 S. W. 15, we held that the provisions of § 6155, C. & M. Digest, apply to mutual assessment associations, not doing business as fraternal benefit societies, as defined by C. & M. Digest, § 6068. See also *Mutual Relief Ass'n* v. *Poindexter,* 178 Ark. 205.

We therefore conclude that § 10 of act 139 of 1925 does not exempt appellant from the provisions of § 6155, C. & M. Digest. Affirmed.