MISSOURI STATE LIFE INSURANCE COMPANY *v.* KING.

4-2865

Opinion delivered February 20, 1933.

984

*Allen May* and *Rose, Hemingway, Cantrell & Loughborough,* for appellant.

*Sam T. Poe* and *Tom Poe,* for appellee.

SMITH, J. Appellee was employed in the shops of the Missouri Pacific Railway Company in North Little Rock, and, by virtue of this employment, had two certificates which had been issued to him under separate group insurance policies issued by appellant, Missouri State Life Insurance Company, to the railway employees. One of these certificates provided for a weekly indemnity, in case of disability to perform the duties of the insured's avocation, of $15 per week, but not to exceed twenty-six weeks. The other certificate provided for the payment of $2,000 in the event the insured should, after six months' disability, be found to be permanently disabled.

Appellee, after making claim and proof of his disability under the first-named certificate, filed suit on August 26, 1931, to recover on the first-mentioned certificate providing for the payment of $15 per week. A physician representing the insurance company examined appellee, and certified that, while he was affected with syphilis, he was not disabled at that time, and upon this examination and report the company filed an answer, denying liability.

The insured's disability continued, and on December 5, 1931, his attorney, residing in Little Rock, wrote the company the following letter: "In re: Rome King, G-2377, Missouri Pacific Railroad Company, Certificate No. 1101.

"Gentlemen: Rome King, the insured, had been totally and permanently disabled for six months, and we now make demand under the above policy and certificates.

"Please advise immediately your intentions in this matter."

On December 10th the company answered and stated that the matter had been referred to their local attorney in Little Rock for investigation and report, and on December 11th the local attorney referred to wrote the insured's attorney saying that, in order to determine whether the insured was totally and permanently disabled, they would ask to have the insured examined by a physician, whose name was stated. No response being received, a second letter was written, reading as follows:

"Please let us have a response to our letter of recent date. If your client will submit to an immediate examination, we will give you an early decision as to whether the company is liable for the payment of total and permanent benefits."

In the meantime, the company had furnished the insured's attorney the blanks used in making proof of claims of this character, and on December 16th these blanks, properly filled out, were sent to the company, showing that the insured was then totally disabled, and had been so for a period of six months.

On December 17th the insured's attorney wrote the company's attorney that it would be agreeable for the insured to be examined, provided a representative of the insured be permitted to be present at the examination, and provided also that a copy of the report be promptly furnished insured's attorney. This letter was answered the day it was received, and the name of the physician selected for the examination, with his office address, was given. This letter concluded with the following statement:

"Just as soon as he can furnish us his report of his findings, we will admit or deny liability for the total and permanent disability benefits. In the meantime, please refrain from filing suit. We feel that we are entitled to a reasonable opportunity to pass upon the claim without being subjected to the statutory penalty and attorney's fees."

This letter advised that arrangements for the examination to be made on December 18th had been perfected, but the insured did not report for the examination until December 22d. On the day on which this examination was held, the insured's attorney wrote the company's attorney as follows:

"Claimant was examined at Trinity Hospital today, and we wish you would furnish us with a copy of the report as soon as it is received. Please file your answer in this case as soon as possible, so it can be set down for trial."

On the same day on which this letter was written, to-wit, December 22, 1931, an amendment was filed to the original complaint, in which the plaintiff alleged his permanent disability, and prayed judgment, not only for the weekly disability benefits as was originally prayed, but for the face of the policy for permanent disability.

The final report of the examining physician was mailed to the company's attorney on December 26th, and a copy thereof transmitted to appellee's attorney December 28, 1931. The letter transmitting this report reads as follows:

"There is inclosed the original report which we have received from Trinity Hospital. In view of the findings, the company admits liability, and is willing to pay the sum of $2,000 with interest from the date the claim was filed. Kindly inform us if this is acceptable. If so, Mr. Broadaway will be instructed to deliver a draft to you at once."

This offer was not acceptable, and was not accepted, and the cause went to trial upon the records stated on the issue whether the insured was entitled to receive, in addition to the face of the policy and the interest thereon, the statutory penalty and the attorney's fee on the two thousand dollar policy. It was not questioned that the insured was entitled to his weekly benefits at the time of the trial, together with the penalty and attorney's fee in that case, and the judgment rendered in the insured's favor for these items is not questioned and has been paid.

Upon rendering judgment upon the amended complaint for the amount of the two-thousand dollar policy, with the penalty and the attorney's fee thereon, the court said:

"It seems to me that this statute ought to be strictly construed as to this policy. Of course, being prepared by the defendant, it ought to be construed more strongly against the defendant than the plaintiff. Under the terms of the policy as written, it required the defendant to pay the insured whenever it receives due proof of loss. I think that that part of the policy was substantially complied with by the plaintiff when he sent in the proof of loss by the doctor's certificate. There is nothing in the policy, unless you give it a very liberal construction, that would give the company any absolute right to require him to submit to an examination. I think, under our statutes, the plaintiff is entitled to the attorney fee and penalty if the insurance company fails to pay the claim within the time specified by the statute. I think now, according to the construction given to that statute in other cases, that the attorney is entitled to his attorney fee and penalty."

The declaration of law by the court that, under the terms of the policy as written, the company was required to pay when it received due proof of loss, without having the right to make additional investigation, presents the issue in the case, as there appears to be no substantial dispute in the testimony.

The policy sued on contained no provision requiring the insured to submit to a physical examination at the hands of the insurer, but the undisputed testimony was to the effect that this practice was pursued in all cases, and had been followed in a number of cases in which the attorneys here appearing had represented—the one the appellant insurance company, the other policyholders making claims for disability benefits against that company.

The policies or certificates here sued on contained the following provision in regard to the time when the insurance should be paid.

"If the employee shall furnish the company with due proof that * * * he * * * has become totally and permanently disabled by bodily injury or disease, and that he * * *. is then, and will be at all times thereafter, wholly prevented thereby from engaging in any gainful occupation, * * *, the company will immediately pay to the employee in full settlement of all obligations hereunder the amount of the insurance in force hereunder on the employee at the time of the approval by the company of the proofs as aforesaid. * *.*''

Appellee insists that the sum for which he here sues was payable immediately upon the delivery of the proof of disability, as the proof furnished was made in conformity with the requirements in this behalf, and that he was not required to wait for any additional investigation to be made by the company, and that especially was this true, inasmuch as the company had filed an answer to the original complaint, before it was amended, denying liability for the weekly benefits for temporary disability. This answer had been filed upon the report of the company's physician, made some months before the original complaint was amended to embrace and to sue for the permanent disability.

We are not required to decide whether, in all cases or in any case, an insured is required to submit to an examination by the company physician, the policy not having imposed that requirement. But here, whether required to do so or not, the insured had so agreed, and he appears to have been responsible for such delay as occurred in connection with his examination.

We are of the opinion, however, and do decide, that the proof of disability furnished by the insured was not conclusive of that fact. The company had the right to make an investigation. Disability is not a fact, like that of death, which either exists or does not exist. It may be, and frequently is, a question about which there is a doubt, and, if the company had the right to investigate this fact; it was, of course, entitled to a reasonable time within which to exercise the right. This investigation

should be made expeditiously and in good faith, but the undisputed testimony shows both expedition and good faith.

Now, as we have said, we do not decide that the right to investigate embraced the right to subject the insured to a physical examination at the company's hands, but, had that right not been conceded, other means of investigation might have been employed. Nor do we think that the action of the insurer in denying liability under the weekly indemnity certificate is conclusive of the question here presented. The cases arose under different certificates of insurance, and the denial of the existence of liability some months previously would not be conclusive evidence that the same action would be taken later on the second certificate.

The insurer has paid a penalty and an attorney's fee in the first case, and the second case must be disposed of on its own merits. When so considered, the undisputed facts are that, when the investigation was made, which we think the company had the right to make, it confessed liability and made tender of the full amount of the certificate to which the insured was entitled, and this was done without any delay on its part.

The language of our statute imposing a penalty and an attorney's fee applies only when payment is refused at the time specified in the policy for the payment to be made, and our construction of the policy here sued on is that the payment was due, not upon the filing of the proof by the insured, but ''at the time of the approval by the company of the proofs as aforesaid,'' filed by the insured with the company. In this connection, we repeat that this approval was due when the company, acting expeditiously and in good faith, had been afforded a reasonable opportunity to investigate the proofs submitted. The company had incurred the expense of an examination of the insured, and had done this with his consent. He had consented to this method of investigation, whether the company had the right to make this demand or not, and on the very day of the examination the com-

990

plaint was amended to add the additional cause of action
of a claim for judgment on the two-thousand dollar cer-
tificate, with a penalty and an attorney's fee for delay in
making the payment.

We think the statute allowing a penalty and an attor-
ney's fee should not be so construed as to allow a penalty
and an attorney's fee in this case, and the judgment must
therefore be reversed. As the claim of the insured has
been paid in full, less the penalty and attorney's fee, the
cause of action thereon is now dismissed.