SUN LIFE ASSURANCE COMPANY OF CANADA *v.* COKER.

4-3016

Opinion delivered June 12, 1933.

*Hays & Smallwood* and *Pryor & Pryor,* for appellant.

*R. M. Priddy* and *Sam T. & Tom Poe,* for appellee.

McHaney, J. Appellee recovered a verdict and judgment against appellant in the sum of $1,864.36 with interest from January 4, 1933, at 6 per cent., 12 per cent. penalty and attorney's fee of $250, alleging a breach of a certificate of insurance issued to him and a group policy issued to his employer, Missouri Pacific Railroad Company, dated November 1, 1931, by which he was insured against total and permanent disability, in which event appellant agreed to pay him $36 per month for 60 months. The sum recovered was the then present value of the sum agreed to be paid monthly over said period.

A number of errors are assigned and argued for a reversal of the judgment as follows:

(1). That if appellee were disabled within the meaning of the policy, his disability accrued before and existed at the date of the policy, November 1, 1931, and that, therefore, he had no health or ability to be insured. In other words, that a fraud was practiced on appellant in obtaining insurance, since no physical examination was required. This argument is based on the fact that appellee suffered an amputation of his right leg between the ankle and knee in 1926, and that he has had considerable trouble with the stump thereof since that time, and on the testimony of his physicians that for a number of months prior to April 28, 1932, the date he finally quit work, and from which he claims total disability, he should not have done heavy work. On the other hand, the undisputed proof shows that appellee did actually work and was engaged in a gainful occupation for a long period of time prior to the issuance of the policy in this case and subsequent to the loss of his leg in 1926, as also since November 1, 1931. Under this state of facts, the

court, submitted this question to the jury in instruction No. 8, requested by appellant, which told the jury that the burden was on him "to prove by a preponderance of the evidence that he became disabled under the terms of the insurance contract 'while such assurance was in full force and effect' and not before or after the term of insurance coverage," and if he failed to do so, the jury should find for appellant. The jury found that he had discharged this burden, and we cannot say there is no substantial evidence to support the finding. Generally, it is a question for the jury to determine whether the insured is disabled, the nature of the disability, when it commenced and its duration, whether total and permanent or otherwise. *Mutual Ben. H. & Acc. Ass'n* v. *Hunnicutt,* 181 Ark. 892, 28 S. W. (2d) 703; 29 C. J. 284.

(2). It is next argued that appellee failed to prove a breach of the contract of insurance, and that he cannot maintain this action for a breach thereof. This argument is based on the fact that suit was begun on September 30, 1932, a date less than six months from the date of alleged total disability, April 28, and that under the contract the first monthly payment of $36 was not due to be paid until the expiration of six months from date of total disability, or three months from date of satisfactory proofs, whichever is the later date. A sufficient answer to this argument is that appellant denied liability within that time, and we think did so within the rule announced in *Mutual Life Ins. Co.* v. *Marsh,* 186 Ark. 861, 56 S. W. (2d) 433. When demand was made on appellant to pay and perform the contract, it declined to do so, and in two letters to counsel for appellee stated that their records showed the coverage to be canceled on April 30, 1932, or had lapsed. This was tantamount to a denial of liability. Furthermore, it was shown that a representative of appellant called upon counsel for appellee and had a conversation with him in which he declined to pay. Moreover, it filed an answer in this case long after the expiration of the six months' period denying liability. All of which amounted to a renunciation of the policy. *Ætna Life Ins. Co.* v. *Phifer,* 160 Ark.

98, 254 S. W. 335. And, as we said in *National Life & Acc. Ins. Co.* v. *Whitfield*, 186 Ark. 198, 53 S. W. (2d) 10: "The breach of the contract, the appellant company's refusal to pay under its terms and denial of any liability thereunder, gave the insured the right to sue for gross damages for such breach of contract, and the court has held that the measure of such damages is the present cash value of the past and future installments of the weekly indemnity based on the life expectancy of the insured." So, when appellant denied liability because lapsed and refused to perform, a present right of action arose as for breach, and it was not necessary to await the expiration of the six or three months' period. This issue was also submitted to the jury, and its finding is against appellant.

(3). It is next contended that there is no proof that appellee's employer, the railroad company, had paid the premium to appellant on the group or master policy. It is not disputed that appellee's premium was paid to his employer who deducted it from his wages, and two premiums were paid by him after April. Without entering into a discussion of the question of whether the employer was the agent of appellant in this regard, we are of the opinion that this assignment is without merit; that failure of the employer to pay is a matter of defense, and no such defense was interposed or suggested. Appellee's certificate was in good standing on April 28, 1932, and appellant does not suggest that it lapsed or was canceled until two days later. Nor can we agree that the insurance contract was not established. The certificate itself stated the terms and conditions of the group policy in this regard, and the original policy was never in his possession, nor had he access to it.

The only other error assigned for reversal which we deem of sufficient importance to discuss is that of the allowance of penalty and attorney's fee. It is argued that this is not a suit on the contract, but for damages for breach, and that, therefore, the statute, § 6155, Crawford & Moses' Digest, does not apply. We have frequently held that the statute is highly penal and should be strictly construed. *National Fire Ins. Co.* v. *Knight*,

185 Ark. 386, 47 S. W. (2d) 576. We are of the opinion, however, that the statute applies, and that the court did not err in assessing penalty and attorney's fees. By its denial of liability appellant made it possible for appellee to sue for the present value of all the monthly payments agreed to be paid, instead of suing for the past-due installments. The measure of damages in either event is based on the contract. It is only the remedy that is changed by the breach. The appellee sustained a loss covered by the policy which appellant agreed to pay monthly. When it refused to perform the contract by making payment monthly, the law provides a remedy based on the contract to avoid a multiplicity of suits. In either event the statute applies; else the power would lie with the insurance companies in such cases to nullify the statute by refusing to pay and breaching the contract. As said by the late Chief Justice HART in *American Liberty Ins. Co.* v. *Washington*, 183 Ark. 497, 36 S. W. (2d) 963: "The statute becomes a part of the contract of insurance, and is cost to reimburse the plaintiff for ex- penses incurred in enforcing the contract."

Other assignments are argued which we have care- fully considered, but find them without substantial merit. We think no useful purpose could be served by discuss- ing them, and to do so would unduly extend this opinion. The complaints made of the giving and refusing to give instructions are covered in what we have already said.

Affirmed.