PLUNKETT *v.* METROPOLITAN LIFE INSURANCE COMPANY.

4-4353

Opinion delivered July 6, 1936.

*Lawrence E. Wilson,* for appellant.

*Harry Cole Bates, Moore, Gray, Burrow & Chowning* and *Streett & Streett,* for appellee.

SMITH, J.   The Metropolitan Life Insurance Company (hereinafter referred to as appellee) issued to Vernon E. Manning's employer certain group policies of insurance, pursuant to which certificates were issued to Manning and other employees, affording them certain specified insurance protection under the group policies. These certificates recite that they were issued under and pursuant to the terms and provisions of the group or master policies and were referable to those policies for the determination of the insurance coverage.

Manning brought this suit, which, after his death, was revived in the name of a special administrator, on the certificate so issued to him, and the case was tried upon an agreed statement of facts, from which we copy the essential and controlling stipulations as follows: ''2.   It is agreed that the attached certificate, Serial Number 38481, was issued and delivered to plaintiff on March 1, 1934; the same being issued under the terms, conditions and provisions of Master Group Policy No. 1864-G.  This same certificate was also issued under the terms and provisions of Master Policy No. 10-G. A. D. D., under which policy no liability is or has been claimed.

This certificate was also issued under the terms and provisions of Master Policy No. 187-GH, providing ten dollars a week for twenty-six weeks, if plaintiff became prevented, by injury or disease, from performing his work for that length of time. Under this last Master Policy. claim was made by plaintiff and the defendant company paid him the sum of $260, in full settlement and payment of its liability under said Group Policy No. 187-G. H.

"3. It is agreed and stipulated that said Group Policy No. 1864-G, contains, among others, the following provision, to-wit:

" 'Total and Permanent Disability Benefits.—Upon receipt, at the home office in the city of New York, of due proof that any employee, while insured hereunder, and prior to his sixtieth birthday, has become totally and permanently disabled, as the result of bodily injury or disease, so as to be prevented thereby from engaging in any occupation and performing any work for compensation or profit, the company will, in lieu of the payment at death of the insurance on the life of the said employee, as herein provided, pay equal monthly installments, as hereinafter described, to the said employee, or to a person designated by him for the purpose, or, if such disability is due to, or is accompanied by, mental incapacity, to the beneficiary of record of the said employee.

" 'Such monthly installment payments shall be made during the continuance of said disability, but in no event shall they exceed one monthly installment in the amount, determined as described below, for each fifty dollars of insurance (to the nearest fifty dollars) in force on the life of the said employee, under this policy, at the date of receipt of due proofs of said disability, provided, however, that in no event shall more than sixty such monthly installments be payable hereunder.

" ' * * * '

"4. It is agreed that on or about December 27, 1934, and while employed at the Camden plant of the Southern Kraft Corporation, and while insured under said certificate No. 38481, Group Policy No. 1864-G, the plain-

tiff, Vernon E. Manning, was struck by an automobile, resulting in a broken right leg.

"5.   It is admitted by the defendant that, as a result of such injury, plaintiff became totally disabled and remained in that condition for nine months, or until September 27, 1935; during which time he was unable to engage in any work or occupation for wage or profit.

"6.   It is admitted by plaintiff that his said disability is not permanent and was never considered permanent; and that on or about September 27, 1935, he had recovered from said injury and disability and was able to return to work.

"7.   It is the contention of plaintiff that he is entitled to recover nine payments of $51.04 each, with interest thereon in the sum of $15.75, because it is proved and admitted that he suffered a condition of total, but not permanent, disability for such period of time.

"8.   It is the contention of defendant that it is not liable under the certificate and group policy sued on in this action, because it is proved and admitted that at no time while insured thereunder did plaintiff suffer a condition of total and permanent disability."

The cause was submitted to and heard by the court upon this agreed statement of facts, and the court found, in view of the stipulation, that appellant was not totally and permanently disabled, there could be no recovery, and rendered judgment accordingly, from which is this appeal.

The briefs do not cite, nor have we been able to find, any case requiring the insurer to pay the insured for an admittedly temporary disability under a policy insuring against death or total and permanent disability. Appellant cites the case of *Sovereign Camp Woodmen of the World* v. *Meek,* 185 Ark. 419, 47 S. W. (2d) 567, as so holding.   But such is not the effect of that case. The point there decided is reflected in the headnote, which reads as follows:   "Under a benefit certificate providing for recovery if insured should suffer bodily injury and furnish satisfactory proof of total disability, *held* the right to recover depends upon insured's total disability during the life of the certificate, and not upon

the receipt of the proof of total disability, no time being fixed for making such proof.''

In that case there was no question as to the permanency of the insured's disability. Its totality was the point in issue, together with the sufficiency of the proof thereof. The decision of that case turned upon the question whether proof of disability was a condition precedent to recovery under the policy there involved—a question not presented in this case.

Appellant appears not to question that the provision of the certificate, copied in the agreed statement of facts, entitling his intestate to benefits after he ''has become totally and permanently disabled'' (hereinafter referred to as the first quotation), if read by itself, would prevent a recovery of the benefits inuring for total and permanent disability, inasmuch as intestate was not permanently disabled; but he insists that such is not the meaning of the certificate when read in connection with the provision that ''such monthly installment payments shall be made during the continuance of said disability'' (hereinafter referred to as the second quotation), appearing in the certificate sued on. The argument is that the language of the certificate last quoted should be construed to mean that, having become disabled, the benefits payable only in case of total and permanent disability should be paid during the continuance of the disability, although the disability was not, in fact, permanent, because the disability was total while it did continue.

To so hold would require the certificate to be rewritten and a new certificate of insurance made. It would eliminate and render of no effect the word permanent. This court has several times quoted and approved the language of the Supreme Court of the United States in the case of *Bergholm* v. *Peoria Life Ins. Co.,* 52 S. Ct. 230, 76 L. Ed. 416, 284 U. S. 489, as follows: ''It is true that where the terms of a policy are of doubtful meaning, that construction most favorable to the insured will be adopted. (Citing cases.) This canon of construction is both reasonable and just, since the words of the policy are chosen by the insurance company; but it furnishes no

warrant for avoiding hard consequences by importing into a contract an ambiguity which otherwise would not exist, or, under the guise of construction, by forcing from plain words unusual and unnatural meanings."

The quotation from the certificate last above appearing does not import into the first quotation any ambiguity which renders the meaning of the first quotation doubtful, nor does it give support to the contention that benefits were to be payable except only in case of total and permanent disability, as the certificate plainly provides.

The obvious purpose of the last quotation, which appellant insists renders the first quotation ambiguous, is just this: Disability is not a fact which, like death, exists or does not exist. *Missouri State Life Ins. Co.* v. *King,* 186 Ark. 983, 57 S. W. (2d) 400. It may be a fact about which difference of opinion would arise. The statement of its existence may appear to be true, and yet be false. It may appear to be permanent, and yet later prove not to be so, but to have been, in fact, only temporary. Proof might be made which apparently established the permanency of the disability and which would require the payment of the monthly installments of benefits, and the insured might later recover and be no longer disabled. He would, in that event, be no longer entitled to receive benefits which were contracted for in the event only of permanent disability. The second quotation was designed and intended to cover that contingency. Proof of apparent permanent disability would entitle him to receive the monthly installment payments only during the continuance of said disability, although he had previously been paid benefits upon the apparent showing that the disability was permanent, when, in fact, it was not.

Here, however, it is not contended that appellant is permanently disabled. On the contrary, it is stipulated that the disability is not permanent, and was never considered permanent. Payments of benefits for permanent disability were never made, and no question arises as to the length of time for which they should continue, because it is stipulated that the conditions under which

they were payable never arose or were in existence. The word permanent, as used in the insurance contract here sued on, contemplates that the disability will continue permanently, that is, for life, though it may not, in fact, do so. It is used in its commonly accepted sense as the antithesis of, and not as a synonym for, the word temporary. The insurer has, by this second quotation, protected itself against the contingency of being required to pay benefits after the disability has ceased to exist, although it had begun to make payments upon the assumption that total and permanent disability existed.

This construction of the contract is supported by the opinion of the court of appeals of the State of New York in the case of *Ginell* v. *Prudential Ins. Co. of America,* 237 N. Y. 554, 143 N. E. 740. That opinion reversed the decision of the Supreme Court, Appellate Division, 200 N. Y. S. 261; 205 App. Div. 494. The headnote to the opinion of the Supreme Court, Appellate Division, reads as follows: "Tuberculosis is a permanent disease, within a policy insuring against 'permanent disability' and providing that, if insured recovers from such a state of disability, no further payments will be made; 'permanent' being applicable to a condition of disability, which, while not transient or ephemeral, still may pass away."

Justice VAN KIRK wrote an opinion dissenting from the view that the word permanent could be applied to a condition which might and had in fact passed away. He said: "The construction approved gives no natural meaning to the word 'permanent.' If the meaning approved be the true meaning, the word 'permanent' could as well have been omitted from the policy, or the word 'temporary' substituted. Under the terms of the policy the premium is to be waived, and the payment made, if due proof to the company of the total permanent disability be made. The payment is not dependent upon actual total permanent disability, but on proof of such; and it is no uncommon experience that that is established by proof to be a fact which in truth was never a fact. The policy defines certain losses of members which shall conclusively establish permanent total disability, but leaves

it open to proof that total permanent disability exists due to other inflictions or afflictions. The insured did not suffer a permanent total disability within the class defined as such. It must have been a matter of common understanding between the parties to such insurance policy that a condition which at the time appeared to cause total and permanent disability would often improve; and it is very natural to provide in the contract that, if that which appeared to be a total permanent disability did improve, the benefits should not be realized. The provision that the benefits should be realized during the continuance of the total disability only does not indicate to me that the parties contemplated that the word 'permanent' was a synonym of 'temporary,' in light of the (to me) significant fact that the benefits are to be realized upon proof of total disability being furnished, rather than upon actual total disability. The realization of the benefits is to begin six months after the proof is furnished. This is said to indicate that the total disability which continued for six months is to be considered permanent disability within the meaning of the policy.''

The dissenting justice proceeded to say: "The learned justice at the trial term cited a number of authorities and illustrations indicating that the word 'permanent' does not always mean 'forever' (119 Misc. Rep. 467, 196 N. Y. Supp. 337); but he has cited none which indicate that the word 'permanent' sometimes means 'temporary,' and in no case was the word 'permanent' given a construction in conflict with its ordinary meaning in the connection used.''

The court of appeals, in a *per curiam* opinion, *supra,* in which all the judges concurred, on the appeal to that court, adopted the dissenting opinion of Justice VAN KIRK as a correct definition of the word permanent as it appeared in the policy sued on.

This was the view of the trial court here. It will be noted that appellant's certificate entitled him, under one of the group policies to which it was related, to certain temporary disability benefits. These, according to the stipulation, have been paid him.

The judgment of the court below is correct, and is therefore affirmed.