TAYLOR *v.* THE MUTUAL LIFE INSURANCE COMPANY
OF NEW YORK.

4-4441

Opinion delivered November 30, 1936.

*Wade Kitchens* and *W. H. Kitchens, Jr.,* for appellant.

*Frederick L. Allen, W. E. Patterson* and *Rose, Hemingway, Cantrell & Loughborough,* for appellee.

JOHNSON, C. J. The only question presented on this appeal for consideration is the liability of appellee to appellant for penalty, attorney's fee and costs as provided in § 6155 of Crawford & Moses' Digest.

The pertinent facts are that Harve Taylor, husband of appellant Dixie Taylor, was accidentally killed on February 13, 1935, at El Dorado, and at the time of his death had in full force and effect a policy of insurance issued by appellee, Mutual Life Insurance Company of New York, for the sum of $1,000 payable in the event of death, and appellant was designated therein as beneficiary. This policy also provided for double indemnity in the event of the accidental death of the insured, except when engaged in naval, military or police service.

On February 26, 1935, appellant caused to be made due proof of the accidental death of Harve Taylor, and this proof was mailed to and received by appellee. On March 11, 1935, appellee caused to be delivered to appellant its check for the face of the policy less a certain small indebtedness, and this check was accepted and

cashed by appellant. Attached to this check was a letter from appellee advising that double indemnity was withheld for the reason that the proof submitted did not satisfactorily establish liability therefor.

On March 16, 1935, appellant, wrote appellee for a full explanation of its delay in paying double indemnity under the contract. Subsequent to the last-mentioned letter appellant testified that she discussed with appellee's agent, Mr. Hart, of El Dorado, the matter of paying double indemnity, and he advised that appellee had declined payment.

Thereafter on March 22, 1935, this suit was instituted by appellant against appellee, the prayer of the complaint being for judgment for double indemnity, penalty, attorneys' fee and costs. On March 29, 1935, a check was received by appellant from appellee covering double indemnity only, and this check was duly accepted and cashed.

The trial court found under the detailed facts and circumstances related that appellee was not liable for penalty, attorneys' fee and costs, and a consequent judgment was entered from which this appeal comes.

The trial court was correct in deciding the issue of law and fact as he did. We have many times held that § 6155 of Crawford & Moses' Digest is highly penal in application and effect, and that those who invoke its aid must come clearly within its provisions. *National Fire Insurance Company* v. *Kight,* 185 Ark. 386, 47 S. W. (2d) 576, and cases there cited.

The language of said § 6155, *supra,* to the effect "shall fail to pay the same within the time specified in the policy after demand made therefor" contemplates that the insurer shall have a reasonable time to make necessary investigation in reference to the loss and the circumstances thereof after demand. In other words appellee's duty to appellant in the instant case was to pass upon the proof of loss expeditiously, in good faith, and within a reasonable time after demand. *Missouri State Life Ins. Co.* v. *King,* 186 Ark. 983, 57 S. W. (2d) 400.

Not only does the testimony adduced in the instant case support the trial court's finding that the insurer acted expeditiously and in good faith in ascertaining its liability, but we think that the undisputed facts of this record show that appellee consumed no unnecessary time in making its investigation to determine whether or not it was liable for double indemnity under the contract. Under such circumstances no liability accrued by reason of § 6155, *supra*.

No error appearing, the judgment is affirmed.