SOUTHERN FARM BUREAU CASUALTY INS. CO. v. BRIGANCE.

5-2497                                          351 S. W. 2d 417

Opinion delivered November 13, 1961.

[Rehearing denied December 18, 1961.]

*Hardin, Barton & Hardin,* for appellant.

*Donald Poe,* for appellee.

NEILL BOHLINGER, Associate Justice.   The appellee, Omer Brigance, was the owner of a 1957 Ford two-door sedan which was insured against damage under a policy issued by the appellant, Southern Farm Bureau Casualty Insurance Company.

The car belonging to appellee was damaged in a collision on the 22nd day of May, 1960. The appellee advised his insurance carrier, appellant, of the damage and an investigation was made as to the extent of the damage and the cost of repairs.

The usual amount of bickering between appellant's adjustor and the appellee seems to have taken place and the appellant offered to take the car to a garage of its choosing and have the repairs made. The appellee, however, had left the car with a garage at Waldron and refused to allow it to be repaired by anyone else.

The appellee had other appraisals made of the damage and the appellant called in an independent appraisal agency. The parties seem to have been unable to agree on the parts damaged in the wreck or the cost of their replacement and the appellee thereafter had the garage at Waldron, where he had left the car, make the repairs. The appellee testified that he paid the cost of the repairs with two checks, one in the amount of $50.00 which was the amount of the damage exempted under his insurance policy and the balance of the bill amounting to $874.49 was paid by another check.

Thereafter the appellee brought his suit against the appellant in the Scott Circuit Court and the matter was submitted to a jury under instructions that are not questioned here and the jury found for the appellee in the sum of $874.49.

Stripped of all its trivia, the case presents only these questions. Was the car insured by the appellant? Was it damaged? Did the testimony support the jury finding of damages in the sum of $874.49? The first two questions we answer in the affirmative. The law under which we proceed to review the jury's finding has been so universally accepted that we refrain from burdening this opinion with a long list of citations. The case of *Arkansas Motor Coaches, Ltd.,* v. *Williams,* 196 Ark. 48, 116 S. W. 2d 585, is a clear and decisive statement of the law involved.

"We recently held: 'We there said that we would not reverse a judgment because the verdict upon which it was based was so clearly against the weight of the evidence as to shock the sense of justice of a reasonable person, and that we could reverse a judgment for lack of testimony only in cases where there was no substantial evidence to support it. We may, therefore, determine only whether there is any testimony of a substantial character to support the verdict, and we must in passing upon that question, in conformity with settled rule of practice, give to the testimony tending to support the

verdict its highest probative value along with all inferences reasonably deducible from the testimony.' *Coca-Cola Bottling Co.* v. *Hill,* 192 Ark. 154, 90 S. W. 2d 210; *Chalfant* v. *Haralson,* 176 Ark. 375, 3 S. W. 2d 38.

Again this court recently said: 'The jury's verdict is conclusive here on questions of fact, even though we might believe that the preponderance of the evidence was the other way. This court does not pass on the credibility of witnesses nor the weight to be given to their testimony.' *C. R. I. & P. Ry. Co.,* v. *Britt,* 189 Ark. 571, 74 S. W. 2d 398.''

With some of the conclusions of the jury, from the evidence in this case, we do not necessarily agree, but as we said in the *Arkansas Motor Coach* case cited above, we will not reverse the verdict because the evidence on which it was based is so clearly against the weight of the evidence as to shock the sense of justice of a reasonable person but if the jury could have found as it did, from the evidence presented to it, we accept the jury's verdict. The weight and sufficiency of the testimony is peculiarly within the province of the jury and that is a field upon which we do not trespass.

There is testimony on which the jury could have found and did find damages against the appellee and those findings will not be disturbed here.

However, where there is a total lack of evidence, this court can and should reverse on the items that are not supported by any evidence.

In the instant case there was considerable testimony directed at the replacement of what is called the ''A-Frame''. Appellant's witness testified that the ''A-Frame'' assembly was not damaged and that no replacement thereof was necessary. However, appellee's witness testified that he did replace the ''A-Frame'' assembly and made a charge of $89.90 therefor. Included in the ''A-Frame'' assembly is a part known as a left spindle. Included in the bill to the appellee there was

listed an additional charge of $26.90 for another left spindle. The testimony is positive that only one left spindle could be used, we therefore conclude that the charge of $26.90 for a left spindle is a duplicate charge for which the appellant is not liable.

The case having been fully developed, the judgment of $874.49 against the appellant is reduced by the charge for the left spindle, making the total judgment $847.59. Under this modification the appellee will not be entitled to the penalty or attorney's fees and the appellant will recover its costs.