## FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC. v. DANNY JOE MITCHELL

5-5313                                    458 S. W. 2d 395

Opinion delivered October 12, 1970

*Cockrill, Laser, McGehee, Sharp & Boswell,* for appellant.

*Hall, Tucker & Lovell,* for appellee.

GEORGE ROSE SMITH, Justice. This action was brought by the appellee, Danny Joe Mitchell, to recover for personal injuries and property damage sustained by him in a collision between his car and that of Sally A. Haley. Mrs. Haley proved to be an uninsured motorist within the coverage of a motor vehicle insurance policy issued by the appellant, Farm Bureau Mutual, to Danny Joe's father. Danny Joe was an insured person under the policy. In his complaint Danny Joe sought $37,500 in tort damages from Mrs. Haley and $8,000 in contract damages from Farm Bureau Mutual, that being the extent of the insurer's remaining liability under the uninsured motorist clause when the suit was filed. The insurance company denied liability and asserted that the collision was caused by Danny Joe's negligence and by that of a third motorist who no longer plays any part in the litigation.

The jury found that Mrs. Haley's negligence was the sole cause of the collision. The verdict in Danny Joe's favor, against Mrs. Haley, was in the amount of $23,300. Farm Bureau Mutual admits its liability for $8,000 of that amount, but the insurer insists that the trial court erred in awarding Danny Joe a judgment for the statutory penalty and attorneys' fee. That insistence presents the only question on appeal.

According to the complaint, Farm Bureau Mu-

tual's policy provided, among other coverages, "an uninsured motorist coverage, to pay for all sums which the insured . . . shall be legally entitled to recover for damages from the owner or operator of an uninsured highway vehicle because of bodily injuries sustained by the insured, caused by accident and arising out of the ownership, maintenance, or use of such uninsured highway vehicle." In this court the appellant argues that such uninsured motorist coverage is not within the various types of insurance falling within our penalty and attorneys' fee statute.

We do not find that argument to be sound. In *Empire Life & Hosp. Ins. Co.* v. *Armorel Planting Co.,* 247 Ark. 994, 449 S. W. 2d 200, we looked to the definitions contained elsewhere in our Insurance Code in deciding whether a particular policy came within the purview of the penalty and attorneys' fee section of the Code. Specifically, we held the policy in that case to be casualty insurance within the Code's definition of that term.

So here. The penalty and attorneys' fees are recoverable upon policies of casualty insurance. Ark. Stat. Ann. § 66-3238 (Repl. 1966). Casualty insurance includes vehicle insurance, which is defined to include insurance against accidental injury to individuals while in a vehicle, if the insurance is issued as an incidental part of insurance on the vehicle. Section 66-2405 (1) (a). To the same effect, coverage against accidental injury as incidental to and part of vehicle insurance is deemed to be vehicle insurance. Section 66-2405 (2). Thus under the unmistakable language of the Code the uninsured motorist coverage constitutes casualty insurance.

We are not impressed by the suggestion that Farm Bureau Mutual's responsibility to its insured, Danny Joe Mitchell, was in the nature of a tort liability that did not become fixed or definite until the jury returned its verdict. That notion was rebutted by our holding in *MFA Mutual Ins. Co.* v. *Bradshaw,* 245 Ark. 95, 431

S. W. 2d 252 (1968), where we said: "The uninsured motorist provision is not intended to afford coverage to the uninsured motorist, but to provide protection to the insured against the perils of injury by an uninsured motorist."

In the case at bar Farm Bureau Mutual did not insure Mrs. Haley, the uninsured motorist. Instead, its coverage was in the nature of accident insurance to protect Danny Joe Mitchell against bodily injuries for which the owner or operator of an uninsured highway vehicle was legally liable to Danny Joe. When Danny Joe was injured and asserted a claim against the company, the insurer was of course entitled to a reasonable time in which to make its necessary investigation. *Taylor* v. *Mutual Life Ins. Co. of N. Y.*, 193 Ark. 251, 98 S. W. 2d 944 (1936). But when the insurance company decided that it was not liable and elected to defend the suit brought against it by its own insured, its decision carried with it the risk of having to pay the penalty and attorneys' fee if the insured recovered the full amount of his demand under the contract. That possibility is what proved to be true.

Affirmed, with the appellee to recover an additional $750 for the services of his attorneys in this court.

JONES, J., dissents.

J. FRED JONES, Justice, dissenting. I do not agree with the majority opinion in this case. The appellee's right to recover attorney's fees and penalty in this case depends on considerably more, in my opinion, than whether the uninsured motorist coverage under appellee's policy is casualty insurance.

Ark. Stat. Ann. § 66-4003 (Repl. 1966) is as follows:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any

motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75-1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder *who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom;* provided, however, that the coverage required under this section shall not be applicable where any insured named in the policy shall reject the coverage." (My emphasis).

By the plain wording of the statute, uninsured motorist coverage is not for the complete protection of persons insured thereunder against damages, but is only for the protection of persons insured thereunder *who are legally entitled to recover damages* from owners or operators of uninsured motor vehicles.

Now the statute that provides for the attorney's fees and penalty against insurance companies is Ark. Stat. Ann. § 66-3238 (Repl. 1966), and appears as follows:

"In all cases where loss occurs and the cargo, fire, marine, casualty, fidelity, surety, cyclone, tornado, life, health, accident, medical, hospital, or surgical benefit insurance company and fraternal benefit society or farmers' mutual aid association liable therefor *shall fail to pay the same within the time specified in the policy, after demand made therefor,* such person, firm, corporation and/or association shall be liable to pay the holder of such policy or his assigns, in addition to the amount of such loss, twelve per cent (12%) damages upon the amount of such loss, together with all reasonable attorneys' fees for the prosecution and collection of said loss; said attorney's fee to be taxed by the court where the same is heard on original action,

by appeal or otherwise, and to be taxed up as a part of the costs therein and collected as other costs are, or may be by law collected; and writs of attachment or garnishment filed or issued after proof of loss or death has been received by the company shall not defeat the provisions of this section, *provided the company or association, desiring to pay the amount of the claim as shown in the proof of loss or death may pay said amount into the registry of the court, after issuance of writs of attachment and garnishment in which event there shall be no further liability on the part of said company.*" (Emphasis added).

It is obvious, that under the plain wording of this statute, an insurance company may avoid the penalty and attorney's fee by paying the amount of the claim as shown in the proof of loss, into the registry of the court *even after writs of attachment and garnishment have issued.* This statute is penal in nature and is to be construed strictly. *State Farm Mutual Automobile Ins. Co.* v. *Pennington,* 215 F. Supp. 784. It has been held that where the insured sues for an amount less than previously demanded, or when the suit itself constitutes the original demand, and the insurance company confesses liability for the amount sued for, then the insured is not entitled to the allowance of a penalty or to an attorney's fee. *Tollett* v. *Phoenix Assur. Co. of New York,* 147 F. Supp. 597.

If an insured demands more than he is entitled to recover, he is not entitled to attorney's fees or penalty. *Peacock & Peacock, Inc.* v. *Stuyvesant Ins. Co.,* 332 F. 2d 499; *State Farm Mutual Automobile Ins. Co.* v. *Pennington,* 215 F. Supp. 784; *Farm Bureau Casualty Ins. Co.* v. *Brigance,* 234 Ark. 172, 351 S. W. 2d 417. The main purpose of this penal statute is to reimburse the plaintiff for expenses incurred in enforcing the contract. *Sun Life Assur. Co.* v. *Coker,* 187 Ark. 602, 61 S. W. 2d 447. The above cases have to do with insurance contracts between the insurer and the insured under which the insurer agrees to pay to the insured the

damage or loss he sustains by reason of the casualty insured against. In such case the insured simply files his claim asserting his loss and the insurer, after a reasonable time for investigation, either pays the amount of the loss or denies the claim. This type of insurance does not contemplate the necessity for court action at all; there are only two parties involved in the transaction, the insured and the insurance company, and there is nothing to be determined except the amount of the damage or loss. Section 66-3238, supra, refers only to such insurance where the policy or insurance contract fixes the liability as well as the insured's legal right to recover, not from a third party tort-feasor, but directly from his insurance company under the insurance contract. Even then the insured is not entitled to attorney's fees and penalty unless he finally proves his entitlement to as much or more than his original demand under his contract, and the insurance company may avoid penalty and attorney's fees by payment even after attachment and garnishment writs have issued.

The situation is entirely different under an uninsured motorist contract where the insured is only entitled to recover from his own insurance carrier such amount of damages he is *legally entitled to receive from a third party tort-feasor.* Under such contract, not only is the amount of damages an important question, but the insured's legal right to receive damages at all is an important question. Unless the insured sustains damages caused by another motorist; unless the other motorist is uninsured, and unless the insured is legally entitled to receive damages from the uninsured motorist, the insurer owes nothing to the insured under an uninsured motorist policy.

Certainly there is no way of knowing how much the insurer owes its insured, or whether the insured has demanded more than he is entitled to receive, until it has been determined that the insured is legally entitled to recover damages from the uninsured motorist and the amount of damages he is legally entitled to recover has been determined. In the California case of

*Firemen's Ins. Co. of Newark, New Jersey* v. *Diskin*, 63 Cal. Rptr. 177, the court had under consideration a statute containing practically the same language as our own, and there the court said:

> ". . . It is readily apparent that the liability of the insurer (1) is secondary and derivative, and (2) is contingent on the insured's right to legal recovery against the tortfeasor."

Of course, in the case at bar, the appellant-insurer could have required in its policy provisions that the appellee-insured must first prove his claim against the tort-feasor; but, in my opinion, such provision in the contract would have added nothing to the law. Also, the insurer could have paid the amount of its maximum liability into the registry of the court, subject to the proof required on the part of the insured; but, under such procedure the insurer would lose the use of its money before its liability to pay any amount·attached and before it knew what, if anything, it owed. In the case at bar the appellant insurance company put the appellee-insured to his proof as it had a perfect right to do under the only logical procedure for a determination of the damages the appellee was entitled to receive from the uninsured motorist, and the appellant cross claimed against a fourth party motorist as a joint tort-feasor. I agree that the trial court properly ·sustained the demurrer to the appellant's cross complaint, but this was not the end of the matter. The appellee-insured also joined the fourth party as a joint tort-feasor defendant and prosecuted his claim to a final conclusion against the third and fourth party tort-feasors, obtaining his judgment only against the third party uninsured motorist tort-feasor. There is no evidence that the fourth party defendant was uninsured.

We are not concerned in this case with the appellee's right to a money judgment against the appellant, for the appellant admits its liability for the full amount of its coverage and offers to pay. We are not concerned here with the right of the insured to join

his insurance carrier as a party defendant in a suit against the tort-feasor. We are not actually concerned here with whether it was necessary for the insured to sue the tort-feasor at all in order to prove his entitlement under the uninsured motorist statute. We are only concerned here with whether the insured-appellee is entitled to attorney's fees and penalty against his insurance carrier for failure to pay before the appellant-carrier knew or has any way of knowing what, if anything, the appellee was entitled to receive.

If the judgment in this case had been for less than the amount of the uninsured motorist coverage, the appellant would have owed the amount of the judgment, but certainly no attorney's fees or penalty. If the judgment had gone against the third party tort-feasor, (who apparently was insured) certainly the appellant would have owed nothing under the policy. As I see it, the majority opinion places a burden on the uninsured motorist insurance carrier to investigate a claim and determine not only the amount of damage sustained by the insured and the fact that the motorist who caused the damage was uninsured, but the company bears the additional burden of determining that the uninsured motorist and no one else was more than fifty per cent at fault in causing the insured's damages; and that the insured is legally entitled to recover damages against the uninsured motorist and not some third party who was also involved. In other words, as I view the majority opinion, the uninsured motorist insurance carrier is charged with the duty of acting as judge and jury in the pre-trial of tort liability between its insured and third parties, and is penalized with pentalty and attorney's fees in any event if it does not pay the face amount of its policy if an uninsured motorist is involved.

The appellee is not insured for the amount of his loss, he is only insured for the amount he is legally entitled to recover from the uninsured motorist and, in my opinion, the insured should not be entitled to more rights against his uninsured motorist insurance carrier under his derivative action than he would against the

uninsured motorist from or through whom his right of action against his insurance carrier derives.

In the case of *Hickey* v. *Insurance Company of North America,* 239 F. Supp. 109, Hickey had uninsured motorist coverage and was injured in a collision with Mrs. Hill, who was an uninsured motorist. The parties were unable to agree on the amount of damages sustained by Hickey and whether Mrs. Hill was liable for all or any part of the damages. Suit was filed by Hickey to establish contractual liability against his insurance company with respect to the uninsured motorist provision in the contract, and also to establish tort liability against Mrs. Hill who admittedly was uninsured at the time of the accident. The insurance company contended that before the court could take jurisdiction of the case, Hickey was required to establish legal liability against Mrs. Hill *by obtaining a judgment* in a court having jurisdiction of the parties. In that case the court said:

> "The parties have cited cases involving insurance policies having the uninsured motorist clause, in which the insured party first went into a court and established liability against the uninsured wrongdoer before instituting suit to establish liability against the insurance company. Only one case had been cited in the brief and that by counsel for the defendant in which the injured party was not required to sue the wrongdoer and *obtain judgment against him* before suing the insurance company.
>
> In that case arbitration could not be had in the State of Arkansas. The insurance policy that was involved was likewise silent as to what course the injured party would have in the event he could not reach a settlement with the insurance company and in the event he was not able to arbitrate for one reason or another. The insurance company in that case made the same contention made here, namely, that the injured party should first be required to *obtain judgment against the wrongdoer* before proceeding against the insurance company.

The insurance company contended in that case, as here, that it cannot know how much to pay unless and until the amount thereof is established by the judgment in a court of law. *That is one of the purposes of this suit,* namely, to determine whether or not there is any legal liability against Mrs. Hill, the alleged wrongdoer.

If John Hickey, III has failed to establish legal liability against Mrs. Hill or her husband, one or both, *then there can be no liability against the defendant insurance company.* But if John Hickey, III can establish legal liability against Mrs. Hill —the driver of the automobile with which he collided, or against her husband, who held the legal title thereto—then this Court, like the Arkansas District Court, can see no reason why he should not be permitted to join the insurance company as defendant in this court.

In that connection, the Arkansas Court said:

'Aside from the arbitration clause, I can find nothing in the contract which precludes the plaintiff from bringing this action. In fact, since the insured cannot be made to arbitrate, and the contract suggests that the intention of the parties is to determine the issues between themselves, it appears to the court that *the intentions of the parties will best be served by an action in a court of law by the insured against the insurer; the Court, in effect, becomes the arbitrator.'*

This Court concurs in that view." (Emphasis added).

I do not contend that the insured must first obtain a *judgment* against an uninsured motorist before he can proceed against his uninsured motorist insurance carrier, but I do contend that he must prove what he is entitled to receive before he is entitled to receive it. Under the majority opinion, attorney's fees and penalty

138

are assessed against the appellee's insurance carrier for its failure to pay, up to its limits, the amount of damages the insured is legally entitled to receive from an uninsured motorist, before it is determined that the motorist is uninsured, or that he is legally liable to pay, or the amount of damages the insured is entitled to receive, or the amount the uninsured motorist is obligated to pay, or in this particular case, whether the uninsured motorist or the fourth party defendant caused the damage.

I would sustain the judgment for the $8,000, but I would reverse as to penalty and attorney's fees.