COCA-COLA BOTTLING COMPANY *v.* JENKINS.

4-3858

Opinion delivered May 13, 1935.

*Wils Davis*, for appellant.

*R. L. Montgomery* and *Mann & Mann*, for appellee.

Baker, J. The appellee named in the caption filed his suit against the appellant in the circuit court of St. Francis County on June 1, 1934, for $5,000 damages, which he alleged he sustained from drinking a bottle of Coca-Cola, bought by him from S. B. Warren on Highway No. 70 near Proctor, Arkansas, and that the bottle contained a decomposed or rotten cockroach or some other bug or insect; that the contents were unfit for the use for which it was manufactured; alleged also that the appellant had failed to give proper inspection to discover the deleterious matter, and that, on account of the cockroach, bug, or other decomposed matter therein, the contents of the bottle were contaminated and poisonous. A larger part of the contents had been consumed before the discovery by the appellee of the contaminating object; that he was made seriously ill and has continued to suffer since that time.

The appellant denied all of the material allegations of the complaint. The evidence on the part of the appellee tended to show the foreign substance was in the bottle; the immediate and bad effect upon him after drinking it; illness confining him to his bed for several days, continuing to the time of the trial. At that time he had a serious, chronic case of gastritis.

Evidence on behalf of the defendant, appellant here, tended to show the practical impossibility of foreign substance entering into the bottle in its course of manufacture, the careful inspection, so that there was no failure to observe foreign substances that might be therein. The proof was undisputed that the bottle was put up, sold and distributed by the appellant company. All these matters in controversy became questions for the jury. Each party offered such evidence as would support the finding of the jury for the one or the other. The verdict of the jury determines the facts and precludes us from a consideration of them, except in their relation to the course of the trial. If there was no error in the instruc-

tions given, or failure in other respects in properly submitting the case to the jury, the judgment must be affirmed.

Appellant urges an error in giving instruction No. 1 by the court. Instruction No. 1 and the objections made to it are as follows: "The court instructs the jury that, if they find from evidence in this case that the plaintiff on or about the 8th day of May, 1934, purchased a bottle of Coca-Cola that had been manufactured and bottled by the defendant, or at defendant's branch plant in the city of Forrest City, Arkansas, and that plaintiff drank a greater portion of the contents of said bottle of Coca-Cola, and that defendant in manufacturing and bottling said bottle of Coca-Cola, was negligent and negligently and carelessly permitted a cockroach or other bug resembling a cockroach to enter and remain in the bottle of Coca-Cola so manufactured and bottled, and that plaintiff without knowing the poisonous and unwholesome contents of said bottle of Coca-Cola, and without knowledge that said cockroach or bug resembling a cockroach was therein contained, and that plaintiff drank a greater part of the contents of said bottle of Coca-Cola, and that by reason thereof plaintiff became ill and suffered great pain and anguish as the result of drinking a greater portion of the contents of said bottle of Coca-Cola, your verdict should be for the plaintiff in whatever sum of money you may agree upon not to exceed five thousand ($5,000) dollars.

"To which action of the court in giving the jury said instruction No. 1, as requested by the plaintiff, counsel for defendant objected, which said objection was by the court overruled, to which action and ruling of the court the defendant at the time excepted.

"The defendant excepts specifically to the giving of plaintiff's requested instruction No. 1, for the reason that the only negligence alleged in the complaint is that the defendant failed properly to inspect the bottle of Coca-Cola alleged to have contained the poisonous substance; and the instruction No. 1 tells the jury, in effect, that if the defendant was guilty of negligence in manufacturing the bottle of Coca-Cola the jury should find

for the plaintiff, which said objection was by the court overruled, to which action and ruling of the court the defendant at the time excepted.''

It will be observed from the foregoing that the only specific objection made to instruction No. 1 is that it ''tells the jury in effect that if the defendant was guilty of negligence in manufacturing the bottle of Coca-Cola the jury should find for the plaintiff.''

Appellant insists that the only negligence alleged in the complaint is that the defendant failed properly to inspect the bottle of Coca-Cola.

We do not agree with this contention. Plaintiff alleges the bottle contained a decomposed cockroach;— the contents of the bottle were poisonous, unfit for consumption—that defendant manufactured and sold the bottle so polluted from which plaintiff drank. The reasonable intendment of such pleading was to make out a charge of negligence in the manufacture or bottling of the drink.

If inspection be treated as a process separate and distinct from manufacture, a second charge of negligence is made by the allegation of a failure to inspect properly before sale. The case is hardly susceptible of that fine distinction. The alleged failure to inspect is only a more definite or specific charge added to the more general charge arising out of facts pleaded.

Much evidence was offered showing the methods of cleansing and sterilizing bottles, processes of compounding or mixing the ingredients, filling bottles, capping them, and inspection. The jury was sent to the bottling plant to observe these processes. This was done by consent of the parties. If anything was seen by the jury or any facts observed that were not well pleaded, the pleadings were amended to that extent.

It is also urged in appellant's brief that said instruction No. 1 was erroneous in assuming that the contents of the bottle were poisonous and unwholesome—a matter in controversy.

We are not convinced that there was prejudicial error on account of any assumption of a fact in dispute. From this instruction, before there could be a finding of

liability, the jury was required to find that defendant negligently and carelessly permitted a cockroach, or other bug resembling a cockroach, to enter and remain in the bottle.

It may be answered that, if that hypothesis had been found in favor of defendant, the jury would have found other issues depended thereon for defendant. But, determining that the cockroach or bug had been negligently left in the bottle, the jury must have understood that the "poisonous or unwholesome contents of the bottle" were such only by reason of a "decomposing cockroach." There was no other cause.

Although learned counsel made one other specific objection to this instruction, he omitted to mention this alleged defect. Defendant was under a duty to point out by specific objection the questioned phraseology. A failure to do so waived the objection. *Mo. Pac. Rd. Co.* v. *Warrick,* 164 Ark. 556, 565, 262 S. W. 644.

We have given careful consideration to the other instructions alleged to be in conflict with each other. The one given by the court upon its own motion directs the jury's consideration to the alleged negligence or carelessness in the manufacture of the bottle of Coca-Cola; the other requested by the defendant directs consideration to the matter of inspection.

There is no conflict as suggested; therefore no error.

Affirmed.