Coca-Cola Bottling Company *v.* Hill.

4-4109

Opinion delivered February 3, 1936.

*Wils Davis* and *Jas. C. Hale,* for appellants.

*C. B. Nance* and *R. V. Wheeler,* for appellee.

Smith, J.   Appellee recovered judgment for the sum of $500 to compensate the injury, pain and suffering occasioned by drinking a bottle of Coca-Cola containing particles of glass.   For the reversal of the judgment, it is argued only that the verdict is so clearly against the preponderance of the evidence as to shock one's sense of justice.   The case of *Chalfant* v. *Haralson,* 176 Ark. 375, 3 S. W. (2d) 38, is cited along with other cases, in support of this contention.

Before reciting the testimony, we restate the rule by which we must view it as announced in the case cited. We there said that we would not reverse a judgment because the verdict upon which it was based was so

clearly. against the weight of the evidence as to shock the sense of justice of a reasonable person, and that we could reverse a judgment for lack of testimony only in cases where there was no substantial evidence to support it. We may therefore determine only whether there is any testimony of a substantial character to support the verdict, and we must in passing upon that question, in conformity with settled rules of practice, give to the testimony tending to support the verdict its highest probative value along with all inferences reasonably deducible from the testimony.

When thus viewed, the testimony may be stated as follows: Appellee bought in Earle a bottle of Coca-Cola which had been bottled, sold and distributed by the Coca-Cola Bottling Company of Forrest City. He noticed a gritty substance after drinking a portion of the bottle, and, after pouring a portion of the fluid on a paper, discovered that the substance was glass. Several persons were present and saw it. One of these was a doctor who recommended to appellee that he take castor oil. His teeth and gums were lacerated and bled, and he was very sick after discovering the glass. He suffered pain and great anxiety for a period of four days, during which time he took medicine as directed and passed a small amount of blood.

Testimony was offered showing how the bottles of Coca-Cola were cleaned and filled, which would make it highly improbable that any foreign substance should be found in one of the bottles, after it had been filled. But this question of fact was submitted to and passed upon by the jury under instructions which are not complained of. That testimony showing the care ordinarily used in bottling this drink is not conclusive that there was no negligence from which an injury resulted has been decided in a number of cases, among others, the following, *Coca-Cola Bottling Company* v. *McBride,* 180 Ark. 193, 20 S. W. (2d) 862; *Coca-Cola Bottling Company* v. *Jenkins,* 190 Ark. 930, 82 S. W. (2d) 15.

A bottle partly filled with Coca-Cola was offered in evidence, which was said to then contain glass, and to be the identical bottle purchased by appellee in Earle. The

introduction of this bottle was not error, and the questions of its identity and proper preservation since its purchase were questions of fact which were submitted to and passed upon by the jury and are concluded by the verdict. *Coca-Cola Bottling Co.* v. *Adcox,* 189 Ark. 610, 74 S. W. (2d) 771.

The only assignment of error argued for the reversal of the judgment is the insufficiency of the evidence, but, as it appears from the facts recited, that a case was made for the jury, the judgment must be affirmed. It is so ordered.