ROBERTSON *v.* UNIVERSAL C. I. T. CREDIT CORPORATION.

5-513                                        272 S. W. 2d 825

Opinion delivered November 29, 1954.

*John H. Wright,* for appellant.

*Rector, Cockrill, Limerick & Laser,* for appellee.

ED. F. McFADDIN, Justice. This appeal involves Act 336 of 1953.

Appellee, Universal C. I. T. Credit Corporation (hereinafter called "Universal") filed action against J. R. Shepherd to recover possession of several automobiles. The complaint alleged that Shepherd had contracted to purchase each of said cars from Charles L. Robertson, a dealer, and for each car had signed a title retaining contract which Robertson had transferred to Universal. When the Sheriff reported an inability to

find a 1951 Mercury car, Universal made the appellant herein, Charles L. Robertson, defendant, and alleged (a) that Robertson, for value received, had transferred to Universal the title retaining contract on the 1951 Mercury car and had also guaranteed all amounts due by Shepherd on the contract; and (b) that Universal was entitled to judgment against Robertson for the balance of $1,207.70 due on the Mercury contract.

In his separate answer, Robertson denied all allegations made by Universal and claimed that Universal paid him nothing for the title note or the guaranty contract. In other words, "absence of consideration" was specifically pleaded. There were other issues and other parties not here involved; but the cause proceeded to trial on the issue just stated, and resulted in a verdict and judgment in favor of Universal against Robertson on the Mercury car note. To reverse that judgment, Robertson brings this appeal and makes the points now to be discussed.

I. *Variance Between Pleadings and Proof.* Appellant claims that there is a fatal variance between the pleadings and proof and that because of such variance Universal did not make a jury case. We find no merit in such claim. Among other particulars, appellant claims that the exhibit—attached to the complaint and purporting to be the contract, assignment and guaranty involving the Mercury car—was different in some regards from the original signed contract introduced in evidence. But this is a case tried in a law court; and in the law court the *allegations in the pleadings* control over the *exhibits* attached to such pleadings. *American Ins. Co.* v. *Dutton,* 183 Ark. 595, 37 S. W. 2d 875. The allegations in the amendment to the complaint were sufficient to inform Robertson of Universal's claim, and to permit both the introduction of the original signed contract and the evidence as to what Robertson received from Universal for the Mercury contract.

II. *Sufficiency of Evidence to Justify Submission of Case to Jury.* The original title retaining contract

·signed by Shepherd and describing the Mercury car was introduced in evidence and the signature of Robertson was shown both as transferor and guarantor. The disputed item was whether Universal ever paid Robertson anything for the assignment and guaranty. There was evidence that Robertson was a car dealer and sold cars on title retaining contracts, and had transferred a number of such contracts to Universal. Some contracts on other cars were also introduced. It was shown that at the time Robertson transferred the title contract on the Mercury car to Universal, Robertson was then in default on a contract he had assigned to Universal on a Chevrolet car, and the amount of such default was $1,-215.00. It was also shown that when Universal received the Mercury contract from Robertson, Universal credited Robertson *on the defaulted Chevrolet contract* with the $1,215.00 Robertson was entitled to receive on the Mercury contract, and that Universal then returned the Chevrolet contract to Robertson thus giving Robertson $1,215.00 credit for the Mercury contract here involved. The foregoing testimony was sufficient to present a jury question on Robertson's defense of "no consideration."

III. *Submitting the Case to the Jury on Only One Interrogatory.* Appellant says:

"The Judgment based solely on the jury's answer to the one question submitted to it concerning Robertson's transaction with plaintiff is a Judgment by the court and not the verdict of the jury, and must be vacated."

As previously stated, this appeal involves Act 336 of 1953, which is an Act to provide for the submission of civil actions to juries on either general or special verdicts or interrogatories. The Act 336 specifically repeals § 27-1739 to § 27-1741, inclusive, Ark. Stats. (which were our Statutes on special verdicts), and in § 2 and § 3 of the Act 336 the Legislature has adopted Rule 49 of the Federal Rules with only one or two changes.

The Act 336 still leaves discretion to the Trial Judge as to whether to submit the case to the Jury on a general verdict or on a special verdict or interrogatories.

The case before us presents a splendid example of the use of the special verdict or interrogatories: in the Trial Court there were three defendants—J. R. Shepherd, Thomas O. Shepherd, and Charles L. Robertson; three car transactions were involved; and each defendant filed a separate answer. Four separate verdicts were rendered.[1] At the conclusion of the evidence, this occurred:

By the Court:

"This is a case that should be submitted to the Jury upon interrogatories. It seems to me that the only question of fact involved is whether or not Charles L. Robertson received credit on a then existing debt due the Universal C. I. T. as a result of executing the contract covering the Mercury. If he did, then he is liable in this case. If he didn't, then he would be entitled to a credit for that amount. Actually none of the other facts is disputed."

By Mr. Wright:

"Save our exceptions to the Court submitting this case on interrogatories."

By the Court:

"Do you have any written instructions to submit?"

By Mr. Wright:

"No, sir."

The Trial Judge submitted this special interrogatory [2] to the Jury:

---

[1] These verdicts were: one in favor of Thomas O. Shepherd, one against J. R. Shepherd for $1,040.04, one against J. R. Shepherd for $1,027.70, and finally the answer to the special interrogatory concerning the appellant, Charles L. Robertson.

[2] The full statement of the Court to the Jury, as regards the special interrogatory was: "Now, Gentlemen of the Jury, we come down to the one and final question of fact involved in this case and that is as to whether or not the defendant, Charles L. Robertson, is liable as to the Mercury automobile—or the third transaction. Now if the jury will answer one question either in the affirmative or the negative— or 'yes' or 'no,' then it can be determined on the basis of your answer whether or not as a matter of law Mr. Robertson is liable. So the question of Mr. Robertson's liability or non-liability will be submitted to you in this question:

"'Do you find by a preponderance of the evidence that the defendant, Charles L. Robertson, received credit on a then existing debt

"Do you find by a preponderance of the evidence that the defendant, Charles L. Robertson, received credit on a then existing debt due plaintiff, Universal CIT Credit Corporation as a result of executing the contract covering the Mercury?"

The Jury, by unanimous verdict, answered the interrogatory in the affirmative; and the Circuit Court thereupon rendered judgment for Universal against Robertson for the amount involved. It will be observed that Mr. Wright (appellant's attorney) advised the Trial Court that the appellant had no written instructions to submit: so, under the said Act 336, the appellant cannot now be heard to say that other questions should have been submitted.[3]

Appellant strongly insists that the case should have been submitted to the Jury for a general verdict. But the Act 336 gives the Trial Court discretion as to when to use the special verdict procedure. Under our former Statute on special verdicts, we held that the Trial Court had discretion in the matter of submitting on special issues. *L. R. & Ft. Smith Ry. Co.* v. *Pankhurst,* 36 Ark. 371; *Johnson* v. *Mo. Pac. Rr. Co.,* 149 Ark. 418, 233 S. W. 699; *Mo. Pac. Trans. Co.* v. *Parker,* 200 Ark. 620, 140 S. W. 2d 997. The rationale of these cases applies here. We find no abuse of discretion by the Trial Court in submitting this case to the Jury on the special interrogatory.

Affirmed.

---

due the plaintiff, Universal CIT as a result of executing the contract covering the Mercury?' You will answer that question: 'yes' or 'no.'

"Now, Gentlemen of the Jury, that is a question of fact to be determined by the jury. The Court has heretofore defined the meaning of the words 'preponderance of the evidence' and will not repeat the instruction unless it is requested. The attorneys in the arguments for both plaintiff and defendant will comment on what they feel the evidence is; but you will determine from the evidence in this case, the answer to the question which the Court has asked you to answer.

"If you all agree upon the answer to the question, only your foreman will sign it. If you do not all agree, but as many as nine or more of your number do agree, the nine or more so agreeing will sign the verdict."

[3] The Act 336 says in part: "If, . . . the Court omits any issue of fact raised by the pleadings or by the evidence, each party waives his right to a trial by Jury of the issues so omitted unless before the Jury retires he demands its submission to the Jury."