AMERICAN STATE BANK *v.* CARL CREEKMORE, JUDGE

5-4211                                     414 S. W. 2d 389

Opinion delivered May 8, 1967

*Dale L. Bumpers*, for appellant.

*Lonnie Bachelor* and *Bachelor & Bachelor*, for appellee.

PAUL WARD, Justice. This Petition for a Writ of Prohibition stems from a suit in replevin, and raises questions of jurisdiction of the trial court. The factual background, about which there is no controversy, is summarized below.

On May 17, 1966 Jim Brewer filed a complaint in the Crawford County Circuit Court to recover a rock crusher in possession of Bill Beam, d/b/a/ Beam Brothers Contractors. Brewer also asked judgment for $1,500 against Beam for expenses in locating the machine and a like amount for detention of same. Beam answered with a general denial, and a cross-complaint against the American State Bank located in Franklin County—hereafter referred to as "Petitioner". It was there alleged that Petitioner had previously sold the rock crusher to him—Beam—for $550; that Petitioner knew the machine needed extensive repairs, and did not mention any dispute over the title. Beam prayed the court for relief as follows: (a) Dismiss Brewer's complaint; (b) otherwise, judgment against Petitioner for breach of title, and; judgment against Petitioner for any amount that Brewer might recover against him—Beam. Service on Petitioner was had in Franklin County.

Petitioner filed a Motion to Quash service and Dismiss the cross-complaint on the ground that it was an Arkansas corporation situated in Franklin County, and

that, therefore, Beam's cross-complaint could not be tried in Crawford County. The Motion was denied by the trial court, and this "Petition for Writ of Prohibition" comes to us as case No. 4211.

On November 23, 1966 Brewer filed an "Amended Complaint for Replevin" against Beam and the Petitioner (the bank) alleging, among other things; plaintiff is owner and entitled to possession of the rock crusher; on December 20, 1965 Petitioner took the machine and converted it to its own use, and then conveyed possession and title to Beam; he inquired of Beam and Petitioner about the location of the rock crusher, but they denied any knowledge thereof "*when in truth and in fact defendant knew the location thereof, and with Beam Brothers Contractors concealed same from plaintiff . . . until he had expended large sums of money in locating same*". (Emphasis ours.) Plaintiff prayed for judgment in the amount of $1,500 "against all of said defendants for expenses for locating" the equipment.

Petitioner again filed a motion to quash and dismiss—as in case No. 4211. The motion was denied, and again Petitioner seeks relief in this Court as in case No. 4211. This case comes to us as No. 4212. At the request of Petitioner the two cases were consolidated for presentation here.

We first consider case No. 4212 where the trial court refused to quash the service on Petitioner. The court was correct, and the petition for a Writ of Prohibition must be denied.

The amended complaint, as previously abstracted, shows a cause of *joint liability* against Petitioner and Beam. That being the situation, and Beam being a resident of and having been served in Crawford County, service on Petitioner in Franklin County was good. In the case of *Terry* v. *Plunkett-Jarrell Company*, 220 Ark. 3, 246 S. W. 2d 415, we find this language

"Thus, before a cause may be prosecuted against a defendant outside the county of his residence,

there must be a resident defendant or a defendant summoned in the county in which the suit is brought, against whom there is a *bona fide* claim of joint liability".

See also *Barr* v. *Cockrill, Judge,* 224 Ark. 570, 275 S. W. 2d 6.

In case No. 4211 we hold that the trial court erred in refusing to grant Petitioner's Motion to quash service on Beam's cross-complaint. The reason for so holding is that the cross-complaint did not state a cause of joint liability against Petitioner and Brewer. However this error is of no material significance at this time in view of our holding in case No. 4212. In the case of *Rudolph* v. *Mundy,* 226 Ark. 95, 288 S. W. 2d 602 we held that where a plaintiff sues all of the joint-tort-feasors, the joint-tort-feasors must prosecute their claims for contribution against each other in that action or lose the right to do so. Therefore Beam may now prosecute any cause of action, pertinent to this case, he has against Petitioner, by now filing appropriate pleadings and obtaining service thereon.

It follows that the petition for a Writ of Prohibition must be, and it is hereby, denied.